LINKS: 26, 27

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-2406 GAF (JWJx) | Date | July 5, 2007 |
|---|---|---|---|
| Title | Kleffman v. Vonage Holdings Corp., et al. | | |

| Present: The Honorable | GARY ALLEN FEESS | |
|---|---|---|
| Marilynn Morris | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   (In Chambers)

### ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND DEFENDANTS' MOTION FOR ATTORNEY'S FEES

**I. INTRODUCTION & BACKGROUND**

Plaintiff Craig Kleffman received spam emails advertising Vonage telephone services, and has attempted to hold Vonage liable under various state statutes. This Court previously granted Vonage's motion to dismiss Plaintiff's complaint with prejudice and without leave to amend. Undeterred, Plaintiff now seeks leave to amend, bringing a proposed amended complaint that repackages his previously rejected theory under Cal. Bus. & Prof. Code § 17529.5, and also proposes a new claim under Cal. Bus. & Prof. Code § 17200. Separately, Vonage moves for an award of attorney's fees on the basis that Plaintiff's Consumer Legal Rights Act ("CLRA") claim, which the Court previously dismissed as well, was brought in bad faith. As discussed briefly below, both motions are **DENIED**.

**II. PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

As to Plaintiff's motion, both proposed claims assert the same factual backdrop as the claims in the original complaint: that Vonage Plaintiff received spam emails from Vonage, which were sent from domain names that did not identify Vonage as the sender but which, when opened, clearly and unambiguously identified Vonage and referred the recipient to Vonage's phone services. The motion for leave to amend fails, however, both because it essentially asks for reconsideration but fails to comply with the relevant Local Rule (L.R. 7-18), and also because the amendment would be futile, as the proposed claims are incognizable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. CV 07-2406 GAF (JWJx) | Date July 5, 2007 |
| Title Kleffman v. Vonage Holdings Corp., et al. | |

Plaintiff contends that his section 17529.5 claim is now cognizable because he does not now purport to tell Vonage what it can and cannot do. (Reply Leave to Amend at 3.) This argument is perplexing, because if Vonage were found liable, that would seem a strong indication that it had done something it should not have. Moreover, the theory that Vonage's email headers misrepresented its identity is no more cognizable than Plaintiff's original claims. Under the facts pled, Vonage contracted through third parties which owned the domain names that were used, and thus the messages were traceable to their sender and did not require inclusion of the word "Vonage" to make them truthful. This does not state a claim under section 17529.5. Moreover, even if it did, the claim would be preempted by the CAN-SPAM Act, since there is no traditional tort for inducing a potential customer to read an advertisement, nor for fooling a spam filter.

The proposed section 17200 claim fairs no better. Plaintiff lacks standing to bring the claim because he alleges no deprivation of "money or property" as a result of Vonage's conduct. Cal. Bus. & Prof. Code § 17203. Moreover, he cannot show Vonage's conduct was "unlawful," so against public policy as to be "unfair," or "deceptive." E.g., Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc., 107 Cal. App. 4th 1336, 1342 (Ct. App. 2003).

### III. VONAGE'S MOTION FOR ATTORNEY'S FEES UNDER THE CLRA

As to Defendant's motion, the Court agrees that Plaintiff has not represented himself particularly well in attempting to turn California's consumer protection laws into his personal ATM machine. At the same time, the Court cannot say that Plaintiff's CLRA claim was so far off the mark as to indicate bad faith, and his aggressive settlement tactics are no different than many other litigants'. Therefore, absent subjective bad faith, Vonage cannot receive attorney's fees under the CLRA. Cal. Civ. Code § 1780(d); Corbett v. Hayward Dodge, Inc., 119 Cal. App. 4th 915, 924 (Ct. App. 2004).

### IV. CONCLUSION

For the foregoing reasons, both parties' motions are **DENIED**. The hearings on both matters, previously scheduled for Monday, July 9, 2007 are hereby **VACATED**. Fed. R. Civ. P. 78; Local Rule 7-15. Vonage is **ORDERED** to submit a proposed judgment no later than close of business on **Thursday, July 12, 2007**.

IT IS SO ORDERED.