Judith B. Gitterman, Bar No. 115661
JGitterman@perkinscoie.com
PERKINS COIE LLP
1620 26th Street
Sixth Floor, South Tower
Santa Monica, CA 90404-4013
Telephone: 310.788.9900
Facsimile: 310.788.3399

Elizabeth L. McDougall, *pro hac vice*
EMcDougall@perkinscoie.com
Rebecca S. Engrav, *pro hac vice*
REngrav@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Defendants
VONAGE HOLDINGS CORP.,
VONAGE AMERICA, INC.,
and VONAGE MARKETING, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG E. KLEFFMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VONAGE HOLDINGS CORP., a New Jersey corporation; VONAGE AMERICA, INC., a wholly owned subsidiary; and VONAGE MARKETING, INC., a wholly owned subsidiary,<br><br>Defendants. | Case No. CV 07-2406 GAF (JWJx)<br><br>CLASS ACTION<br><br>**DEFENDANTS' NOTICE OF APPEAL**<br><br>Crtm: 740 [255 E. Temple St.]<br>Hon. Gary A. Feess |

Notice is hereby given that defendants Vonage Holdings Corp., Vonage America, Inc. and Vonage Marketing, Inc. hereby appeal to the United States Court of Appeals for the Ninth Circuit from the order denying Vonage's Motion for

Dockets.Justia.com

1  Attorneys' Fees Under the CLRA entered in this action on July 9, 2007, and the
2  final judgment entered on July 13, 2007, to the extent it addresses this issue. True
3  and correct copies of the order and judgment are attached hereto as Exhibits 1 and
4  2, respectively. Specifically, defendants appeal only the portion of this order and
5  the judgment relating to denial of their motion for attorneys' fees under the
6  Consumer Legal Remedies Act, Cal. Civ. Code Section § 1780(d).

7  Defendants concurrently submit their filing fee pursuant to FRCP 3(e) and
8  file their Civil Appeals Docketing Statement with Statement of Representation
9  pursuant to Circuit Rules 3-2 and 3-4.

10  Respectfully submitted,

12  DATED: August 23, 2007

PERKINS COIE LLP

By: *Elizabeth L. McDougall* by p.z.t.
Elizabeth L. McDougall

Attorneys for Defendants
VONAGE HOLDINGS CORP.,
VONAGE AMERICA INC., and
VONAGE MARKETING INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-2406 GAF (JWJx) | Date | July 5, 2007 |
|---|---|---|---|
| Title | Kleffman v. Vonage Holdings Corp., et al. | | |



Present: The Honorable **GARY ALLEN FEESS**

| Marilynn Morris | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants:

None                                    None

**Proceedings:**      (In Chambers)

### ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND DEFENDANTS' MOTION FOR ATTORNEY'S FEES

### I. INTRODUCTION & BACKGROUND

Plaintiff Craig Kleffman received spam emails advertising Vonage telephone services, and has attempted to hold Vonage liable under various state statutes. This Court previously granted Vonage's motion to dismiss Plaintiff's complaint with prejudice and without leave to amend. Undeterred, Plaintiff now seeks leave to amend, bringing a proposed amended complaint that repackages his previously rejected theory under Cal. Bus. & Prof. Code § 17529.5, and also proposes a new claim under Cal. Bus. & Prof. Code § 17200. Separately, Vonage moves for an award of attorney's fees on the basis that Plaintiff's Consumer Legal Rights Act ("CLRA") claim, which the Court previously dismissed as well, was brought in bad faith. As discussed briefly below, both motions are **DENIED**.

### II. PLAINTIFF'S MOTION FOR LEAVE TO AMEND

As to Plaintiff's motion, both proposed claims assert the same factual backdrop as the claims in the original complaint: that Vonage Plaintiff received spam emails from Vonage, which were sent from domain names that did not identify Vonage as the sender but which, when opened, clearly and unambiguously identified Vonage and referred the recipient to Vonage's phone services. The motion for leave to amend fails, however, both because it essentially asks for reconsideration but fails to comply with the relevant Local Rule (L.R. 7-18), and also because the amendment would be futile, as the proposed claims are incognizable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-2406 GAF (JWJx) | Date | July 5, 2007 |
|---|---|---|---|
| Title | Kleffman v. Vonage Holdings Corp., et al. | | |

Plaintiff contends that his section 17529.5 claim is now cognizable because he does not now purport to tell Vonage what it can and cannot do. (Reply Leave to Amend at 3.) This argument is perplexing, because if Vonage were found liable, that would seem a strong indication that it had done something it should not have. Moreover, the theory that Vonage's email headers misrepresented its identity is no more cognizable than Plaintiff's original claims. Under the facts pled, Vonage contracted through third parties which owned the domain names that were used, and thus the messages were traceable to their sender and did not require inclusion of the word "Vonage" to make them truthful. This does not state a claim under section 17529.5. Moreover, even if it did, the claim would be preempted by the CAN-SPAM Act, since there is no traditional tort for inducing a potential customer to read an advertisement, nor for fooling a spam filter.

The proposed section 17200 claim fairs no better. Plaintiff lacks standing to bring the claim because he alleges no deprivation of "money or property" as a result of Vonage's conduct. Cal. Bus. & Prof. Code § 17203. Moreover, he cannot show Vonage's conduct was "unlawful," so against public policy as to be "unfair," or "deceptive." E.g., Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc., 107 Cal. App. 4th 1336, 1342 (Ct. App. 2003).

### III. VONAGE'S MOTION FOR ATTORNEY'S FEES UNDER THE CLRA

As to Defendant's motion, the Court agrees that Plaintiff has not represented himself particularly well in attempting to turn California's consumer protection laws into his personal ATM machine. At the same time, the Court cannot say that Plaintiff's CLRA claim was so far off the mark as to indicate bad faith, and his aggressive settlement tactics are no different than many other litigants'. Therefore, absent subjective bad faith, Vonage cannot receive attorney's fees under the CLRA. Cal. Civ. Code § 1780(d); Corbett v. Hayward Dodge, Inc., 119 Cal. App. 4th 915, 924 (Ct. App. 2004).

### IV. CONCLUSION

For the foregoing reasons, both parties' motions are **DENIED**. The hearings on both matters, previously scheduled for Monday, July 9, 2007 are hereby **VACATED**. Fed. R. Civ. P. 78; Local Rule 7-15. Vonage is **ORDERED** to submit a proposed judgment no later than close of business on **Thursday, July 12, 2007**.

IT IS SO ORDERED.



```
Judith B. Gitterman, Bar No. 115661
JGitterman@perkinscoie.com
PERKINS COIE LLP
1620 26th Street
Sixth Floor, South Tower
Santa Monica, CA 90404-4013
Telephone: 310.788.9900
Facsimile: 310.788.3399

Elizabeth L. McDougall, pro hac vice
EMcDougall@perkinscoie.com
Rebecca S. Engrav, pro hac vice
REngrav@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Defendants
VONAGE HOLDINGS CORP.,
VONAGE AMERICA INC.,
and VONAGE MARKETING INC.
```

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG E. KLEFFMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VONAGE HOLDINGS CORP., a New Jersey corporation, VONAGE AMERICA, INC., a wholly owned subsidiary, and VONAGE MARKETING, INC., a wholly owned subsidiary,<br><br>Defendants. | No. CV 07 2406 GAF (JWJx)<br><br>[PROPOSED] JUDGMENT |

This action came on for hearing before the Court, the Honorable Gary A. Feess, United States District Judge, Presiding, on May 21, 2007, on Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and on July 9, 2007, on Plaintiff's Motion for Leave to Amend and Defendants' Motion for

1  Attorneys' Fees Under CLRA § 1780(d). The arguments presented having been
2  fully considered, the issues having been duly heard and decisions having been duly
3  rendered, IT IS ORDERED AND ADJUDGED that the plaintiff and putative
4  classes take nothing, that amendment of the complaint is futile and leave to amend
5  is therefore denied, that the action be dismissed with prejudice on the merits, and
6  that defendants recover their costs as prevailing parties in this action in the amount
7  of $_____ (to be determined by the Clerk of the Court).

8
9  DATED: 7/12, 2007                    _____
10                                       The Honorable Gary A. Feess
                                         United States District Judge
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PROOF OF SERVICE - MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am and was at all times herein mentioned employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action or proceeding. My business address is 1620 26th Street, Sixth Floor, Santa Monica, California 90404.

    On August 23, 2007, I served true and correct copies of Defendants' Notice of Appeal on the interested parties in this action by placing said document enclosed in a sealed envelope (for collection and mailing, with postage thereon fully prepaid, on the same date, following ordinary business practices) in an internal collection basket, addressed as follows:

| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |
|---|---|
| Steve W. Berman, Esq.<br>Hagens Berman Sobol Shapiro LLP<br>1301 Fifth Avenue, Suite 2900<br>Seattle, WA 98101<br>Tel: 206-623-7292; Fax: 206-623-0594<br>Steve@hbsslaw.com | Reed Kathrein, Esq.<br>Hagens Berman Sobol Shapiro LLP<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710<br>Tel: 510-725-3000; Fax: 510-725-3001<br>Reed@hbsslaw.com |

    I am readily familiar with this business's practices concerning collection and processing of correspondence for mailing with the United States Postal Service, and declare that correspondence is deposited with the United States Postal Service on the same day it is internally collected at Perkins Coie LLP in the ordinary course of business.

    I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct; that I am employed in the office of a member of the Bar of this Court at whose direction this service was made; and that this Proof of Service was executed on August 23, 2007, at Santa Monica, California.

Helen E. Mays

## PROOF OF SERVICE - MESSENGER

(C.C.P. § 1011)
(F.R.C.P. 5(b))

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am and was at all times herein mentioned employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action or proceeding. My business address is First Legal Support Services, 1511 W. Beverly Boulevard, Los Angeles, California 90026.

On August 23, 2007, I served true copies of Defendants' Notice of Appeal on the interested parties in this action by hand-delivering a true copy thereof to the following:

*Attorneys for Plaintiff*

Elaine T. Byszewski, Esq.
Hagens Berman Sobol Shapiro LLP
700 South Flower Street, Suite 2940
Los Angeles, CA 90017-4101
Elaine@hbsslaw.com
Tel: 213-330-7150; Fax: 213-330-7152

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct; that I contracted to provide delivery services with a member of the Bar of this Court at whose direction this service was made; and that this Proof of Service was executed on August 23, 2007, at Los Angeles, California.

[Signature]

JUPOJ NITUSUTSAKUL
[Printed Name]